Bailey & Gibson vs. The Trustees of Mineral School District.

---

WILLIAM C. BAILEY & WILLIAM GIBSON vs. THE TRUSTEES OF MINERAL SCHOOL DISTRICT.

1. Gibson and Bailey were trustees of a school district. The Board agreed to lend Bailey two hundred dollars out of the first school money subsequently received. Money belonging to the school fund was handed to one or both of the trustees (which, it did not appear.) The money was used by Gibson, and no part of it by Bailey. Both, however, acknowledged their liability for it. The acknowledgement of Gibson, in such case, not having been in writing, he was not liable.

APPEAL from Franklin Circuit Court.

JONES, for appellant.

The court erred in refusing the first instruction to the effect that plaintiffs below had not made out a *prima facie* case.

The plaintiffs below did not show any act of incorporation entitling them to sue.

There is nothing to shew that plaintiffs below have any right to recover in this action.

It is contended by appellants that Bailey was a competent witness. That if Bailey had testified in favor of Gibson and had shown that Gibson was not bound to pay the amount obtained by Bailey from Brown, he would be testifying against his own interest and therefore a competent witness.

Bailey had been dismissed from the suit, and was no longer a party to the suit: Campbell & Mason vs. Hood, 6 Mo. Rep , p. 211. See Digest of decisions of supreme court United States, page 689, vol. 3; also page 695, Ib; Wakely vs. Hart, 6 Birney, 316, and other cases there cited; also 2 vol. Digest Sup. Court U. S., p. 967; Barnes vs. Gilman, upon page 689, 3 vol. U. S. Digest, see cases cited, 2 Mass., 108.

It is contended by appellant that the court erred in refusing the instructions asked for defendant below.

That if the people of the township had elected Bailey a trustee and he received the money from Brown, the debtor, and failed to account therefor, surely it was not the fault of Gibson.

That a party will not be compelled to pay a debt which he does not owe and which he is rot required by law to pay, even although the party in ignorance of his legal rights may have admitted that he was liable.

That a recovery cannot be had upon a *nudum pactum* or a void consideration.

Gibson has received nothing from the trustees and there is no consideration whatever either good or valuable.

The verdict and judgment is clearly against evidence and should be reversed: See 11 vol., p. 629.

STEVENSON, for appellees.

That Bailey and Gibson having, without authority from the board of trustees, received from Brown, money belonging to the school district, were liable for the amount received in this form of action.

That there liability was joint and several, and being so, a discontinuance as to Bailey did not render him a competent witness or destroy his interest in the suit: Pendleton vs. Speed, 2d J. J. Marshall Rep., page 508, 18 Johnson, page 477-8-80; 4 Wend. 457; 1 Wendell 119

BIRCH, J., delivered the opinion of the court.

The testimony in this case was to the effect that the interests of the plaintiff in error and one Bailey were two of the trustees of a school district in Franklin county, and that the board had agreed to *lend* Bailey two hundred dollars out of the first school money subsequently received. Afterwards, about the 29th of March, 1840, one Brown, who was largely indebted to the school fund, handed over to one or both of these trustees (which, it does not appear) the sum of two hundred dollars, which, as appears from the *subsequent* statements, (comprising the *only* testimony in the case) "was got by Bailey, and no part of it used by Gibson." Both parties, however, admitted in their subsequent oral

statements to the treasurer of the board, when called upon concerning it, that they were jointly liable for the money.

No note or other writing having been taken of either of them, and the administrators of Gibson relying upon the statute of frauds, we are constrained to regard it as sufficient for their protection. The agreement was to lend the money to Bailey. Bailey also got it, and Gibson could not be held liable for his default in not paying it by any thing short of his agreement in writing. We must consequently reverse the judgment of the circuit court and remand the cause.